IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRUCE DAVID ANDREW SAFRANEK and DARCI FELDER SAFRANEK, Individually and on behalf of their minor children, EVAN RILEY SAFRANEK and ELISE NOEL SAFRANEK, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL GENERAL INSURANCE COMPANY; USAA CASUALTY INSURANCE COMPANY; IMPERIAL FIRE & CASUALTY INSURANCE COMPANY; and MELVIN GREEN, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § <br><br> C.A. NO. 3:20-cv-00198-BAJ-EWD |

## NOTICE OF REMOVAL

Defendant USAA Casualty Insurance Company ("USAA CIC" or "Defendant") files this Notice of Removal of the above-captioned civil action, filed against it by Plaintiffs Bruce David Andrew Safranek and Darci Felder Safranek, individually and on behalf of their minor children: Evan Riley Safranek and Elise Noel Safranek (collectively, "Plaintiffs"), to the United States District Court for the Middle District of Louisiana, pursuant to: (i) 28 U.S.C. §§ 1441 and 1446; and (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and states as follows:

### I. BACKGROUND

1. On January 30, 2018, Plaintiffs filed their Petition for Damages in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, styled *David Safranek, et al. v. Nat'l Gen'l Ins. Co., et al.*, Suit Number 665,835 Sec.: 27, a copy of which is attached as Exhibit A.

2. On January 21, 2020, Plaintiffs filed a Fourth Supplemental and Amending Petition and Motion for Leave to File, a copy of which is attached as Exhibit B, (the "Petition" or "State Court Action").

3. On March 2, 2020, Plaintiffs were granted leave to file their Fourth Supplemental and Amending Petition. *See* Minutes, attached as Exhibit C.

4. Plaintiffs assert the State Court Action on behalf of themselves and a putative class of allegedly similarly situated individuals named as insureds under Louisiana motor vehicle policies issued by USAA CIC. *See* Petition at ¶ I.

5. Plaintiffs seek certification of the following proposed class:

all persons who purchased a UM policy with USAA, were involved in a "hit and run accident" over the last ten years, and were denied coverage on USAA's representation that and "uninsured motor vehicle" did not include a "hit-and-run" vehicle.

*See* Motion to Certify a Class Action, attached as Exhibit B.

6. Plaintiffs claim that USAA has misrepresented the nature, scope, terms and conditions of its contract of UM insurance with Plaintiffs under La. R.S. 22:1973(B)(1). Plaintiffs also claim that they are entitled to separate penalty provisions for each violation by USAA of the insurance statutes. Plaintiffs allege they intend to pursue bad faith penalties against USAA CIC for "consistent violations" of La. R.S. 22:1973(B)(1). *See* Petition at ¶¶ I, VI.

7. A true and correct copy of all pleadings filed in the state court are attached as Exhibits D-1 through D-100.

## II. GROUNDS FOR REMOVAL

8. This case is removable, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § l441(a) and (b), and 28 U.S.C. § 1453, because (1) this is a putative class action with more than 100 putative class members, (2) there is minimal diversity

2

among the parties; and (3) the Petition places into controversy an amount that exceeds $5,000,000 in the aggregate.

**A.  The Putative Class Exceeds 100 Members**

9.  CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here. Plaintiffs allege that, based on the number of Hit and Run crashes in Louisiana for the past five years and USAA CIC's alleged market share of auto insurance in the state of Louisiana, USAA CIC has "likely handled more than 2,000" "hit and run" claims over the past ten years. *See* Petition at ¶¶ IX-X.

**B.  There is Minimal Diversity Among the Parties**

10.  The second CAFA requirement is minimal diversity, i.e., at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

11.  Plaintiffs are citizens of Louisiana.  Plaintiffs seek to represent a class consisting of individuals whose motor vehicles were insured under a policy of insurance based in Louisiana.

12.  USAA CIC is a reciprocal inter-insurance exchange organized under the laws of the State of Texas with its principal place of business in San Antonio, Texas.  For purposes of removal and minimal diversity under CAFA, USAA CIC is a citizen of a state other than Louisiana. 28 U.S.C. § 1332(d)(10).

13.  Thus, there is minimal diversity, as the Plaintiffs are citizens of Louisiana, and USAA CIC is (and was at the time of the filing of the Petition and all times intervening) a citizen of Texas. This prerequisite of CAFA is met. 28 U.S.C.§ 1332(d)(2).

**C.  The Amount in Controversy is at Least $5,000,000**

14.  CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

15.     A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

16.     Based on Plaintiffs' allegations and legal theories, the $5,000,000 CAFA amount in controversy requirement is satisfied.[1] The damages for the bad faith claims Plaintiffs seek on behalf of the putative class places into controversy more than $5,000,000 based upon the claimed statutory damages of $5,000 or two times the damages sustained, whichever is greater.

17.     Considering the over 2,000 persons in the putative class and Plaintiffs' claimed damages of $5,000 or two times the damages sustained, whichever is greater, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied. (2,000 x $5,000 = $10,000,000). *See* La. R.S. 22:1973(C).

18.     Plaintiff alleges a *minimum* of 1,122 putative class members. *See* Petition at ¶¶ IX-X.

19.     Between 2010 and the present, the relevant period alleged in the Petition, USAA CIC paid an average of $9,960 per Uninsured Motorist coverage payment issued.

20.     Given Plaintiff's alleged minimum of 1,122 putative class members and USAA CIC's average Uninsured Motorist Coverage payment, there is more than $10,000,000 in controversy (1,122 x $9,960 = $10,741,920).

21.     In addition, Plaintiffs seek attorney's fees. *See* La. R.S. 22:1892.

---

[1] USAA CIC denies that Plaintiffs, or any potential putative class member, are entitled to recover any amount from it, and USAA CIC submits that the relief sought in the State Court Action is too individualized and otherwise not proper for class certification. However, USAA CIC provides the above calculation of the aggregate amount at issue in this case solely for evaluating the amount in controversy under CAFA. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

22. Accordingly, because the CAFA prerequisites are met, this case is properly removable under CAFA.

### III. VENUE IS PROPER

23. The United States District Court for the Middle District of Louisiana embraces the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, the court in which the state court action is now pending. Therefore, this Court is a proper venue for this action under 28 U.S.C. § 1441(a).

### IV. REMOVAL IS TIMELY

24. Plaintiffs were granted leave to file their Fourth Supplemental and Amending Petition on March 2, 2020. *See* Exhibit C.

25. This Notice of Removal is filed within thirty (30) days of the date leave to file the Fourth Supplemental and Amending Petition was granted. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

26. Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly filing written notice of filing and a true and complete copy of this Notice of Removal with the clerk of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and is serving Plaintiffs with copies of the same.

### V. PRAYER

WHEREFORE, Defendant USAA Casualty Insurance Company prays that this Notice of Removal be deemed good and sufficient, that Plaintiffs' Fourth Supplemental and Amending Petition and Motion for Leave to File be removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana to this Court, and that this action be placed on the Court's docket for further proceedings as though it had originated in this Court.

Dated: April 1, 2020

By: /s/ *Ashlee Cassman Grant*
BAKER & HOSTETLER LLP
Ashlee Cassman Grant
Louisiana Bar No. 33052
800 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751.1600
Fax: (713) 751.1717
agrant@bakerlaw.com

ATTORNEY FOR DEFENDANT
USAA CASUALTY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2020, a true and correct copy of the foregoing was served via electronic mail on all counsel of record, in accordance with the agreement of the parties.

/s/ *Ashlee Cassman Grant*
Ashlee Cassman Grant